UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DANIEL C. MOORE,

    Plaintiffs,    6:14-cv-01776-CL

     v.     FINDINGS AND
           RECOMMENDATION
COLETTE PETERS, et al.,

    Defendants.

CLARKE, Magistrate Judge.

  Plaintiff, an inmate in the custody of the Oregon Department of Corrections filed a complaint under 42 U.S.C. § 1983 alleging that defendants "failed in their duty to insure a safe environment; Specifically, Defendants allowed a Department of Corrections food service Coordinator to be in a position to sexually assault Plaintiff." Complaint (#2) p. 1. Specifically, plaintiff alleges that "while working in the dry storage of the culinary area, Defendant Postier deliberately

1 - FINDINGS AND RECOMMENDATION

put his hind on Plaintiff's buttock in a sexual manner for his personal sexual gratification. When called on his inappropriate action, ie. Plaintiff said to Defendant Postier that his act 'amounted to sexual harassment,' Defendant Postier commented that: 'it's not sexual harassment if you like it.' *Id.*, p. 2. Plaintiff alleges that defendants' alleged conduct violated his rights to be "free from unnecessary rigor secured by the Oregon Constitution and to be free from the infliction of cruel and unusual punishment secured by the United States Constitution." Complaint (#2) p. 3-4.

Defendants now move the Court for an order dismissing this case with prejudice pursuant to Federal Rule of Civil Procedure 12©. Motion for Judgment on the Pleadings (#22).

"A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, [a] party is entitled to judgment as a matter of law." Dunlap v. Credit Prot. Ass'n L.P., 419 F.3d 1011, 1012 n. 1 (9th Cir. 1989) (noting that pre-answer dismissal for failure to state a claim under Rule 12(b)(6) is "functionally identical" to a post-answer dismissal under Rule 12©).

Defendants argue that the court should enter a judgment on the pleadings in favor of defendants Peters and Premo because plaintiff has failed to allege that they were

personally engaged in actions that deprived him of his federally protected rights.

A supervisor may be liable for the constitutional violations of his subordinates if the supervisor participated in or directed the violations, "*or knew of the violations and failed to act to prevent them.*" Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff contends that "the Department of Corrections knew and has known that Defendant Postier has an active propensity to sexual harass (sic) and sexual assault both staff and inmates," has been "reprimanded for his inappropriate sexual misconduct," and has been "subjected to additional training concerning his inappropriate sexual behavior." Response (#27)_ p. 2.

However, even if plaintiff could establish facts that could support a theory of *res pondeat superior* liability on the part of defendants Peters and /or Premo, any such liability would be derivative of or premised upon an underlying constitutional violation by defendant Postier. I find that plaintiff's factual allegations fail to state an Eighth Amendment claim against defendant Postier.

In order to state an Eighth Amendment claim based on a prison official's sexual abuse of a prisoner, the plaintiff must allege a wrongdoing that was sufficiently harmful as well

as facts demonstrating that the official had a subjectively culpable state of mind. <u>Wood v. Beauclair</u>, 692 F. 3d 1041, 1045-46 (9th Cir. 2012).

In this case, plaintiff's allegations do not satisfy the Eighth Amendment's objective component. Plaintiff alleges one brief incident where defendant Postier allegedly placed his hand on plaintiff's clothed buttocks. Inmate sexual harassment claims that allege brief, inappropriate touching are generally not cognizable under the Eighth Amendment. *See*, <u>Smith v. Los Angeles County</u>, Case No. CV-07-7028-VAP, 2010 WL 2569232, *5 (C.D. Cal. Apr. 22, 2010); *adopted by* 2010 WL 2572570 (C.D. Cal. 2010); *aff'd*. 452 Fed. Appx. 768 (9th Cir. 2011).

In <u>Watison v. Carter</u>, 668 F.3d 1108, 1112-14 (9th Cir. 2012), the Ninth Circuit affirmed the dismissal of an inmate's Eighth Amendment sexual harassment claim against a corrections officer who allegedly entered the plaintiff's cell while the plaintiff was on the toilet, rubbed his thigh against the plaintiff's thigh and "began smiling in a sexual contact (sic)," then left the plaintiff's cell laughing. The Ninth Circuit ruled that "[t]he 'humiliation' Watison allegedly suffered in the incident did not rise to the level of severe psychological pain required to state an Eighth Amendment claim. *See also*, <u>Berryhill v. Schiro</u>, 137 F.3d 1073 (8th Cir. 1998); <u>Jackson v. Madery</u>, 158 Fed. Appx. 656, 661 (6th Cir.

2005); <u>Johnson v. Ward</u>, Case No. 99-1596, 2000 WL 659354, *1 (6th Cir. May 11, 2000).

Defendant Postier's alleged comment that it "isn't sexual harassment if you like it," also fails to state a claim under the Eighth Amendment. *See*, <u>Watison</u>, 668 F.3d 1113 ("[T]he exchange of verbal insults between inmates and guard is a constant, daily ritual observed in this nations prisons of which [the courts] do not approve, but which do not violate the Eighth Amendment"); <u>Somers v. Thurman</u>, 109 F.3d 614, 622 (9th Cir. 1997.); <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987) (mere verbal harassment is not a constitutional violation under section 1983).

Plaintiff also alleges a claim under the Oregon Constitution. Assuming *arguendo* that plaintiff could bring a claim for damages under the Oregon Constitution[1], I find that it is appropriate to refrain from exercising federal jurisdiction over any such claim.

If the federal claim giving rise to the court's jurisdiction is dismissed before trial, supplemental state law claims may be dismissed as well. 28 U.S.C. § 1367(c)(3). Indeed some cases hold that the proper exercise of discretion *requires* dismissal of state law claims unless "extraordinary

---

[1]See, <u>Hunter v. City of Eugene</u>, 309 Or. 298, 787 P.2d 881 (1990).

circumstances" justify their retention. <u>Wren v. Sletten Const.
Co.</u>, 654 F.2d 529, 536 (9th Cir. 1991); <u>Wentzka v. Gellman</u>, 991
F.2d 423, 425 (7th Cir. 1993). However, most courts hold that
whether to dismiss supplemental claims is fully discretionary
with the district court. <u>Schneider v. TRW, Inc.</u>, 938 F.2d 986,
993-994 (9th Cir. 1991), weighing factors such as economy,
convenience, fairness and comity. <u>Brady v. Brown</u>, 51 F.3d 810
(9th Cir. 1995).

In this case there is no compelling reason for this court
to continue to exercise jurisdiction over any possible state
law claim that plaintiff might have.

Based on all of the foregoing, defendants' Motion for
Judgment on the Pleadings (#22) should be allowed. The Clerk
of the Court should be directed to enter a judgment dismissing
plaintiff's Eighth Amendment claim with prejudice and
dismissing plaintiff ancillary claim under the Oregon
Constitution without prejudice to plaintiff's right to pursue
that claim in the courts of the State of Oregon.<sup>2</sup>

This recommendation is not an order that is immediately
appealable to the Ninth Circuit Court of Appeals. Any notice

_____

<sup>2</sup>If plaintiff's allegations concerning defendant Postier's
alleged behavior are accurate, defendants would be well advised to
ensure an end to such conduct. I am confident that *Watison v.
Carter* properly controls this case. However, a different judge on
a different day might reasonably find the repeated conduct alleged
by plaintiff to be actionable.

of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ___ day of June, 2015.

Mark D. Clarke
United States Magistrate Judge